Jorge Perez TOLENTINO; Beatriz
Arauza Perez, Petitioners,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 11–72514.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 14, 2013.*

Filed Aug. 16, 2013.

Aura Marina Pineda Kamariotis, Law
Office of Marina Pineda–Kamariotis, San
Francisco, CA, for Petitioner.

Chief Counsel ICE, Office of the Chief
Counsel Department of Homeland Securi-
ty, San Francisco, CA, OIL, Hillel Ryder
Smith, DOJ–U.S. Department of Justice,
Washington, DC, for Respondent.

Before: SCHROEDER, GRABER, and
PAEZ, Circuit Judges.

MEMORANDUM **

Jorge Perez Tolentino and Beatriz Arau-
za Perez, natives and citizens of Mexico,
petition for review of the Board of Immi-
gration Appeals' ("BIA") order denying
their motion to reopen removal proceed-
ings based on ineffective assistance of
counsel. We have jurisdiction under 8
U.S.C. § 1252. We review for abuse of
discretion the denial of a motion to reopen,
and review de novo questions of law. *Mo-*

hammed v. Gonzales, 400 F.3d 785, 791–92
(9th Cir.2005). We deny the petition for
review.

The BIA did not abuse its discretion in
denying petitioners' motion to reopen
where they failed to establish prejudice
arising from the alleged ineffective assis-
tance by their former counsel. *See id.* at
793–94 ("[P]rejudice results when the per-
formance of counsel was so inadequate
that it *may* have affected the outcome of
the proceedings." (emphasis in original)
(internal quotation marks omitted)).

It follows that petitioners' due process
claim, which rests entirely on the failure to
reopen, fails. *See Lata v. INS,* 204 F.3d
1241, 1246 (9th Cir.2000) (requiring error
and substantial prejudice to prevail on a
due process claim).

In light of this disposition, we do not
reach petitioners' remaining contentions.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.